

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lester Clark, Chairman
Oil, Gas & Mining Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3483
Re: Constitutionality
of Committee Amendment
No. 1 to House Bill 176.

We have your letter of April 30, 1941, in which you
request our opinion as to the constitutionality of committee
amendment No. 1 to House Bill No. 176, which amendment reads
as follows:

"Section 1. The right of any person, firm
or corporation whatsoever to enter in, upon,
or under the lands or premises, the surface of
which is owned by another or others, to explore
for, exploit, drill for, produce or mine, or at-
tempt to produce or mine oil, gas or other miner-
als, shall expire if not used or exercised within
ten years and shall by operation of law be aban-
doned to such surface owner or owners, unless
such right is extended as hereinafter provided.
It is further provided that if the original con-
tract, conveyance, or reservation creating the
right to enter in, upon, or under lands or premises,
the surface of which is owned by another or others
to explore for, exploit, drill for, produce or mine,
or attempt to produce or mine oil, gas or other
minerals, is for a longer period of time than ten
years, that for each consecutive succeeding year
after the expiration of the above mentioned ten
year period, that if the owner of such mineral
rights shall properly and timely render such mineral
rights for taxation and pay the taxes assessed against
such mineral rights within the time or period prescrib-
ed by law to the proper authorities, such right to en-
ter in, upon, or under said lands or premises to ex-
plore for, drill for, exploit, produce or mine, or
attempt to produce or mine oil, gas or other minerals,

Honorable Lester Clark, page 2

shall not expire, nor by operation of law be
abandoned to the surface owner or owners."

The foregoing amendment provides in effect that the
rights of the lessee under an oil and gas lease shall expire at
the end of ten (10) years unless (1) the lessee exercises his
right to enter and develop the leased premises within ten (10)
years, or unless (2) the lease provides for a longer period of
time than ten (10) years and the lessee renders the mineral
rights for taxation and pays the taxes. The amendment does not
expressly state the time from which the ten (10) year period is
to be calculated, but we believe that it is reasonably clear
that the intention is that the ten (10) year period begin at the
time the lessee's rights first accrue, and we believe that the
statutes would be given this construction. See 39 Texas Juris-
prudence, 45, 206.

As to contracts which become effective prior to the
enactment of the proposed statute, we are of the opinion that
the statute is unconstitutional as an impairment of the obliga-
tion of contracts to the extent that it may conflict with the
provisions of such contracts, under the provisions of Article I,
Section 16 of the Constitution of Texas, and Article I, Section 10
of the United States Constitution. An oil and gas lease is a con-
tract which creates property rights in real estate in the lessee.
Texas Company v. Daugherty, 107 Tex. 226, 176 S. W. 717; Lemar v.
Garner, 121 Tex. 502, 50 S. W. (2d) 769; Brown v. Humble Oil and
Refining Company, 126 Tex. 296, 83 S. W. (2d) 935, 87 S. W. (2d)
1069. To the extent that the proposed statute would attempt to
destroy or impair such rights, created by existing contracts which
were valid at the time of their execution, such proposed statute
would be invalid. International Building and Loan Association v.
Hardy, 86 Tex. 610, 26 S. W. 497; Thompson v. Cobb, 95 Tex. 140,
65 S. W. 1090; Travelers' Insurance Company v. Marshall, 124 Tex.
45, 76 S. W. (2d) 1007; Langever v. Miller, 124 Tex. 80, 76 S. W.
(2d) 1025.

As to contracts executed after the effective date of
the proposed statute, we believe that it is unconstitutional
because it denies the right of redemption of land for non-payment
of taxes, which right is given by Article 8, Section 13 of the
Texas Constitution. Under the proposed statute, the rights of
the lessee would be forfeited, with no right of redemption, upon
a failure either to render the mineral rights for taxation or

to pay the taxes thereon. Furthermore, neither the State nor any of its subdivisions would receive any benefit from such forfeiture, which would benefit only the lessor. Such a forfeiture would have no reasonable relation to the collection of taxes, and would, we believe, amount to a taking of the lessee's property without due process of law. See 12 Corpus Juris, 957.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

APPROVED MAY 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JPH:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN